IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN SANTIAGO, SR. | * | |
| Plaintiff | * | Civil Action No. 1:15:-cv-03734-GLR |
| v. | * | |
| THE MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.* | * | |
| | * | |
| Defendants | | |

\*          \*          \*          \*          \*          \*          \*

The Baltimore Police Department (the "BPD"), by and through its undersigned attorneys, files this Answer to the Second Amended Complaint filed by Melvin Santiago ("Plaintiff"). The paragraph numbers used herein respond to the numbered paragraphs in the Second Amended Complaint.

1. Paragraph 1 is admitted.

2. The BPD is without personal knowledge regarding the facts alleged in Paragraph 2, and thus those allegations are denied.

3. Paragraph 3 asserts a legal conclusion that need not be admitted or denied. To the extent a response is required, it is denied.

4. Paragraph 4 asserts a legal conclusion that need not be admitted or denied. To the extent a response is required, it is denied.

5. Paragraph 5 asserts legal bases for personal jurisdiction and venue in this Court, which the BPD does not dispute.

6. Paragraph 6 is denied.

7. Paragraph 7 is admitted.

8. The BPD admits that during some part of the period from 2004 to 2010, Plaintiff worked as a narcotics detective in the Southern District. The remainder of Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. The BPD admits that Plaintiff was the subject of numerous citizen complaints about his unlawful behavior. The BPD is without personal knowledge of the remainder of Paragraph 10 and therefore the allegations are denied.

11. The BPD admits that Plaintiff was transferred because of repeated complaints about his behavior. The remainder of Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. The BPD admits that on or about June 22, 2011, Plaintiff recovered a gun and marijuana from a citizen during a car stop. The remainder of Paragraph 13 is denied.

14. The BPD admits that on or about June 22, 2011, Plaintiff also took a cell phone and approximately $430 in cash from the citizen and that he placed in a cabinet at the station where Plaintiff also kept his personal belongings. The remainder of Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. The BPD admits that Plaintiff's police powers were suspended as a result of this incident. The remainder of Paragraph 16 is denied.

17. The BPD admits that the allegations against Plaintiff were sustained by the Charging Committee. The remainder of Paragraph 17 is denied.

18. The BPD denies that Major Barillaro somehow influenced the Charging Committee. The BPD admits that Plaintiff was charged with the infractions identified in Paragraph 18.

19. The BPD admits that the charges brought by IAD were pursued and that the Department sought termination for his theft of the citizen's phone and cash. The BPD also admits that Plaintiff would have preferred to "reach a plea deal." Otherwise, Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. The BPD admits that Plaintiff pled guilty to the charge of mishandling the citizen's property and that disciplinary board found him not guilty on the remaining charges. The remainder of Paragraph 21 is denied.

22. Paragraph 22 is admitted.

23. Paragraph 23 calls for a legal conclusion which need not be admitted or denied. To the extent a response is required, it is denied.

24. Paragraph 24 is admitted.

25. The BPD admits that the Commissioner increased the recommended punishment to a severe letter reprimand and a 30 days suspension without pay. Otherwise, Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 calls for a legal conclusion that need not be admitted or denied. To the extent a response is required, Paragraph 27 is denied.

28. The BPD admits that Plaintiff took the sergeant's exam in or around June 2012. Otherwise, Paragraph 28 is denied.

29. Paragraph 29 calls for a legal conclusion that need not be admitted or denied. To the extent a response is required, Paragraph 29 is denied.

30. The BPD is without personal knowledge as to what Plaintiff thought. Therefore Paragraph 30 is denied.

31. The BPD is without personal knowledge as to what Plaintiff wanted or why he acted as he did. Therefore Paragraph 31 is denied.

32. The BPD admits that the Commissioner skipped over Plaintiff when he became eligible for promotion. Otherwise, Paragraph 32 is denied.

33. The BPD is without personal knowledge as to Plaintiff's feelings and what Plaintiff told others and therefore Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is a summary of the law, which need not be admitted or denied.

36. Paragraph 36 is a request for relief that need not be admitted or denied. The BPD denies that the Plaintiff is entitled to any relief.

37. Paragraph 37 is Plaintiff's prayer for a jury trial, to which no response is required.

38. The BPD denies any allegation asserted in the Second Amended Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to file a timely EEOC charge asserting some or all of his claims.

2. Plaintiff's claims are time barred and subject to the equitable doctrine of laches.

3. Plaintiff's claims are barred by unclean hands.

4. The relief sought by Plaintiff, promotion to sergeant, would violate the provisions in the City Charter and the Public Local Laws governing promotions at the BPD.

Respectfully submitted,

_____/s/_____
Sharon A. Snyder, Bar No. 06823
Chief Solicitor
Baltimore City Department of Law
   Office of Legal Affairs
100 N. Holliday Street
Baltimore, Maryland 21202
(443) 934-1620

CERTIFICATE OF SERVICE

On this 5th day of July, 2016, the Baltimore Police Department caused this Answer To Plaintiff's Second Amended Complaint to be served via the Court's ECF electronic filing system on:

**Curtis B Cooper**
The Law Office of Curtis Cooper LLC
400 Washington Ave Ste 200
Towson, MD 21204
Email: curtis@curtiscooperlaw.com

**Frederic Nelson Smalkin , Jr**
Baltimore City Law Department
Litigation Division
100 North Holliday Street
Room 101
Baltimore, MD 21202
fred.smalkin@baltimorecity.gov

_____/s/_____
Sharon A. Snyder