**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE<br>MDD_SAGchambers@mdd.uscourts.gov | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>Telephone (410) 962-7780<br>Fax (410) 962-1812 |

August 19, 2016

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

RE:  *Melvin Santiago, Sr. v. The Baltimore City Police Department*,
      Civil No. GLR-15-3734

Dear Counsel:

The above referenced case has been referred to me to conduct a settlement conference. Please be advised I am scheduling the settlement conference for **Wednesday, February 22, 2017 at 9:30 a.m.** and it will be held in my chambers (Room 8C). Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with <u>complete authority</u> to enter into a binding settlement, be present in person. A person with "complete authority" is someone who has the experience and judgment to exercise that authority <u>without having to consult with anyone who is not in attendance at the settlement conference</u>.[1] Attendance by the attorney for a party is <u>not</u> sufficient. Please also be advised that the conference should conclude by **3:30 p.m.**, and all those in attendance should plan accordingly.

No later than **Wednesday, February 8, 2017,** I would like to receive by regular mail, hand delivery, or email, a short <u>ex parte</u> letter. The <u>ex parte</u> letter should **NOT EXCEED FIVE PAGES**, from each party and should candidly set forth the following:

(1)  facts you believe you can prove at trial;

(2)  the major weaknesses in each side's case, both factual and legal;

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration <u>at least two weeks</u> before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner. Also, counsel should confer with all other parties on the matter and provide their position(s) in your letter to the Court.

  (3)  identify any pending dispositive or other motions that would have a significant effect on settlement;

  (4)  an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;

  (5)  the history of any settlement negotiations to date;

  (6)  estimate of attorneys' fees and costs of litigation through trial; and

  (7)  the name and title of the representative(s) and counsel who will be attending the conference.[2]

  The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference. I also will review select pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[3] A paper copy of all attachments exceeding 30 pages should be mailed or hand delivered to chambers.

  Since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own, I require that the plaintiff submit a written itemization of damages and a settlement demand to the defendant no later than one month prior to the settlement conference. The defendant shall submit a written offer to the plaintiff and any alternate itemization of damages within one week of receiving the demand or no later than three weeks prior to the settlement conference, whichever is later. Thereafter, the parties should continue to engage in negotiations. The correspondence between the parties shall be included with the ex parte letters submitted to the Court.

**FAILURE TO COMPLY WITHOUT JUSTIFICATION MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

---

 [2] Typically it is most productive if only the parties to the case attend the settlement conference. If you believe it to be necessary that a non-party (including a family member) attend along with your client, you must clear that request with the other party or parties and notify chambers before the settlement conference.

 [3] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

*Melvin Santiago, Sr. v. The Baltimore City Police Department*
Civil No. GLR-15-3734
August 19, 2016
Page 3

 

If counsel believes that a telephone conference prior to the **February 22, 2017,** in-person conference would help to make the settlement conference more productive, please contact my judicial assistant, Valerie Litzinger, to make arrangements.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on February 22, 2017.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc:   Judge George L. Russell, III
      Court File